# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MONICA KRACHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| CHARLES C. HO, M.D. and | ) | JURY TRIAL |
| MARIETTA EYE CLINIC, P.A., | ) | DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## JURISDICTION AND VENUE

### 1.

The Court has jurisdiction over the Defendant, who resides within this judicial district, and over the subject matter purposed to 28 U.S.C. 1332 because complete diversity of citizenship exists between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### 2.

Venue, pursuant to 28 U.S.C. 1391, is proper in this judicial district because Defendants reside in this judicial district and Defendants' tortious conduct giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

### 3.

Plaintiff Monica Krachman ("Mrs. Krachman") is a citizen of the State of Texas.  Mrs. Krachman is not a citizen of the State of Georgia.

### 4.

Defendant Charles C. Ho M.D. ("Defendant Ho"), a physician licensed to practice medicine by the State of Georgia, is a citizen of the State of Georgia. Defendant is not a citizen of the State of Texas.

### 5.

Defendant Marietta Eye Clinic, P.A., ("Defendant MEC"), a professional association organized and existing under the laws of the State of Georgia, provides medical services to the public. Defendant MEC is a citizen of the State of Georgia. Defendant MEC is not a citizen of the State of Texas.

## COUNT ONE

## DEFENDANTS' MEDICAL NEGLIGENCE

### 6.

Mrs. Krachman reincorporates paragraphs "1" through "5" as if stated herein.

7.

Defendant Ho, December 8, 2009,  performed surgery ("Surgery") on Mrs. Krachman's left eye and placed an intraocular lens in that eye.

8.

The Surgery plan, discussed with and approved by Mrs. Krachman, was for Mrs. Krachman to have good distance vision in her left eye.

9.

Mrs. Krachman had requested Defendant Ho to insert a lens for good distance vision - plano for Mrs. Krachman's left eye.

10.

Defendant had agreed to use a lens that would provide plano as the Target Refraction for Mrs. Krachman's left eye.

11.

Defendant failed to order the Lens ("Necessary Lens") needed to provide plano as the Target Refraction for Mrs. Krachman left eye.

12.

Defendants' records reveal that Defendants failed to order lens for the Surgery.

13.

Defendants attempted to conceal their failure to order the Necessary Lens.

14.

After the surgery, Mrs. Krachman requested her records from Defendants.

15.

Defendants' office initially refused to allow Mrs. Krachman to review her

records.

16.

Defendants' office only allowed Mrs. Krachman to review her records after

Mrs. Krachman had waited for a prolonged period of time in  Defendants' office.

17.

Mrs. Krachman, while reviewing Defendant's records, noticed a post-it note

with a notation regarding a re-calculation using SN60WF 6. 0D for a refraction of -

1.00 rather than the agreed Targeted Refraction.

18.

Defendant Ho had the lens calculation rerun with number for lenses that

Defendants had available and not for the Targeted Refraction.

19.

Defendant Ho's lens re-calculation for Mrs. Krachman's left eye was done the Monday prior to the Tuesday Surgery.

20.

Defendants' records reveal that during the"time out" period prior to the Surgery, the "check off" and "initialing" to indicate that the correct power lens had been obtained for Mrs. Krachman's left eye were not done.

21.

Because of his failure to order the Necessary Lens, Defendant Ho used a six diopter power lens ("Wrong Lens") for Mrs. Krachman's left eye.

22.

Defendant Ho failed to advice Mrs. Krachman of the change of lens for her Surgery until she was under the influence of anesthesia.

23.

Defendant Ho waited until Mrs. Krachman was under the influence of anaesthesia for her Surgery before mentioning not having the Necessary Lens.

24.

No legitimate excuse or justification exists for Defendant Ho waiting until Mrs. Krachman was under the influence of anaesthesia before mentioning not having the Necessary Lens.

25.

Mrs. Krachman, while under the influence anesthesia, was unable to discuss the Surgery.

26.

Defendant Ho knew that Mrs. Krachman, while under the influence anesthesia, was unable to discuss the Surgery.

27.

Defendant Ho's use of the Wrong Lens has caused significant damage to the vision function of Mrs. Krachman's left eye.

28.

Because Defendant Ho used the Wrong Lens, Mrs. Krachman has neither good near vision nor good distance vision in her left eye.

29.

Mrs. Krachman is unable to use contact lens.

30.

Mrs. Krachman is unable to use bifocals or multifocal lens.

31.

Because of Defendant Ho's use of the Wrong Lens, Mrs. Krachman, with her left eye, can see neither far nor near.

32.

Because of her extreme poor vision in her left eye caused by Defendant Ho using the Wrong Lens, Mrs. Krachman consulted with ophthomologists Doyle Stulting, M.D. and Alan Kozarsky, M.D. to determine if anything could be done to undo the harm caused by Defendant Ho using the Wrong Lens and to provide good vision to her left eye.

33.

Drs. Stulting and Kozarsky told Mrs. Krachman that, in their profession opinions, an intraocular lens exchange for her left eye would be too risky because of Mrs. Krachman's significant myopia and family history of retina detachment.

34.

Drs. Stulting and Kozarsky told Mrs. Krachman that, in their profession opinions, a LASIK procedure for her left eye would be too risky because of Mrs. Krachman's significant myopia and family history of retina detachment.

35.

All of Defendant Ho's tortious acts set forth in this complaint were done as Defendant MEC's employee and agent.

36.

All of Defendant Ho's tortious acts set forth in the complaint were performed within the scope of his duties for Defendant MEC.

37.

Defendant MEC, under the doctrine of respondeat superior, is liable for Defendant Ho's tortious acts in connection with the Surgery.

38.

Mrs. Krachman had a patient/ physician relationship with Defendants.

39.

Defendants, in connection with the Surgery, had the duty to comply with the Standard of Care ("Standard of Care").

40.

The Standard of Care is the care and treatment that reasonably prudent physicians provide in like situations and similar circumstances.

41.

Defendants, in connection with the Surgery, breached the Standard of Care

by:

(a)   Failing to order the Necessary Lens for the Surgery;

(b)   Using the Wrong Lens rather than the Necessary Lens for the Surgery; and

( c)   Waiting until Mrs. Krachman was under anesthesia to mention not using the Necessary Lens.

42.

Defendants' breaches of the Standard of Care injured Mrs. Krachman.

43.

Defendants' breaches of the Standard of Care have had a profound negative

impact upon Mrs. Krachman's life and will continue to do so for the remainder of

her life.

44.

Mrs. Krachman's serious and life altering injuries caused by Defendants'

breaches of the Standard of Care were reasonably foreseeable.

45.

Mrs. Krachman is entitled to recover damages for the serious and life altering injuries that she has suffered and will continue to suffer for the remainder of her life as a result of Defendants' breaches of the Standard of Care.

46.

Without waiving her position that O.C.G.A. § 9-11-9.1's requirement for a professional affidavit to be filed in support of a professional negligence claim does not apply to this diversity action, because federal law governs pleading requirements (Hanna v. Plumer, 380 U.S. 460, (1965)), Ms. Krachman files the facsimile of Larry L. Lothringer, M.D.'s affidavit as Exhibit "A" to this Complaint and will file the original of Dr. Lothringer's affidavit when it is received.

Wherefore, Mrs. Krachman requests the Court to enter a judgment against Defendants:

(a)    Awarding Mrs. Krachman compensatory damages in an amount to be determined by the jury;

(b)    Awarding Mrs. Krachman all allowable litigation costs; and

( c)    Awarding Mrs. Krachman whatever other relief the Court deems just and proper.

47.

Mrs. Krachman demands a jury trial on her claims.


GARY BUNCH, P.C.


By: _____
Gary Bunch
Georgia Bar Number 094612
Attorney for Plaintiff Monica Krachman

309 Bankhead Avenue
Carrollton, Georgia 30117
(770) 836-0405

December 7, 2011

-11-

# VERIFICATION

I, Monica Krachman, the Plaintiff in the within action, after being dully

sworn, state that the factual averments in my Complaint are true and accurate.


_Monica Krachman_
Monica Krachman


Sworn to and subscribed before
me this ___5___ day of December, 2011.


_Dottie Boulware_
Notary Public

DOTTIE BOULWARE
Notary Public
STATE OF TEXAS
My Comm. Exp. 10/10/2013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MONICA KRACHMAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.: |
| v. | ) | |
| | ) | |
| CHARLES C. HO, M.D. and | ) | |
| MARIETTA EYE CLINIC, P.A., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT

I, Larry L. Lothringer, M.D., after being duly sworn, upon personal knowledge, state:

1.

I am over 18 years of age and legally qualified to give this affidavit.

2.

I, during June 1978, received a M.D. degree from Baylor College of Medicine.

3.

I received my internship training at the University of Texas Medical Branch in Galveston.

Exhibit "A"

4.

I received my residency training, from July 1 1978- July 1 1981, in
Ophthalmology at the University of Texas Medical Branch in Galveston.

5.

I have been licensed to practice medicine by the State of Texas since August
27, 1978, including the date of December 8, 2009.

6.

I have been in the active practice of medicine continually during the past 29
years, including the five years immediately preceding December 8, 2009.

7.

My medical practice focuses on Ophthalmological surgery with an
emphaisis on refractive surgery.

8.

I hold staff privileges at Baptist Medical Center, Southwest Baptist
Hospital, Surgicare of Central San Antonio, Metropolitan Hospital, Santa Rosa
Medical Center, Southwest General Hospital and Tri-City Community Hospital in
Jourdanton.

2

9.

I serve as an Associate Professor-Ophthalmic Surgery for the Audie Murphy

Veteran's Hospital, Residency Training Program at the UTHSC Department of

Ophthalmology.

10.

I , during my professional career, have received numerous honors and

awards during.

11.

I have reviewed the medical records of Charles C. Ho, M.D. ("Dr. Ho") and

Marrietta Eye Clinic, P.A., ("Eye Clinic") for Monica Krachman ("Mrs.

Krachman").

12.

I have received a draft of Mrs. Krachman's verified complaint.

13.

I am familiar with the standard of care ("Standard of Care") for

Ophthalmological surgery.

3

14.

In my professional opinion, Dr. Ho materially deviated from and breached the Standard of Care in connection with the surgery ("Surgery") that he performed, December 8, 2009, on Mrs. Krachman's left eye involving placing an intraocular lens in that eye.

15.

In my professional opinion, Dr. Ho materially deviated from and breached the Standard of Care, in connection with the Surgery, by failing to order a lens that would provide the targeted refraction agreed upon by himself and Mrs. Krachman.

16.

In my professional opinion, Dr. Ho materially deviated from and breached the Standard of Care, in connection with the Surgery, by using a lens for the Surgery that he knew would not provide the targeted refraction agreed upon by himself and Mrs. Krachman.

17.

In my professional opinion, Dr. Ho materially deviated from and breached the Standard of Care, in connection with the Surgery, by waiting until Mrs. Krachman was under anaesthesia before mentioning not having the lens that would provide the targeted refraction agreed upon by himself and Mrs. Krachman.

18.

In my professional opinion, Dr. Ho, in connection with the Surgery, acted with negligence, gross negligence and recklessness.

19.

In my professional opinion, Dr. Ho's material deviations from and breaches of the Standard of Care have caused Mrs. Krachman to suffer injuries.

20.

In my professional opinion, Mrs. Krachman's injuries caused by Dr. Ho's material deviations from and breaches of the Standard of Care were reasonably foreseeable.

21.

My professional opinions, set fourth in this affidavit, are based on a reasonable degree of medical certainty and probability.

22.

My professional opinions, set fourth in this affidavit, are based upon a review of Mrs. Krachman's medical records, a draft of her verified complaint and my medical education, training and experience.



Larry L. Lottinger, M.D.

Sworn and subscribed by me
this _07_ day of December, 2011.

Cristina Z. Martinez

Notary Public

CRISTINA Z. MARTINEZ
Notary Public, State of Texas
My Commission Expires
October 05, 2013